1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RACHEL MARIE JENNINGS,

                        Plaintiff,

  v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                       Defendant.

3:16-cv-00426-LRH-VPC

**REPORT AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE**

      This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for reversal and/or remand (ECF Nos. 15, 16) and defendant's cross-motion to affirm (ECF Nos. 18, 19). Plaintiff did not file a reply. For the reasons set forth herein, the court recommends that plaintiff's motion be denied, and defendant's cross-motion be granted.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

      On February 21, 2013, Rachel Marie Jennings ("plaintiff") protectively filed for Social Security Disability Insurance ("SSDI") benefits under Title II of the Social Security Act, alleging a disability onset date of January 1, 2009. (Administrative Record ("AR") 21, 189–96.) The Social Security Administration denied plaintiff's application in the first instance on June 21, 2013, and upon reconsideration on November 18, 2013. (*Id.* at 111–16, 119–24.)

      On January 12, 2015, plaintiff and her attorney appeared at a hearing before Administrative Law Judge ("ALJ") Eileen Burlison. (*Id.* at 46–78.) David Van Winkle, a vocational expert ("VE"), also appeared at the hearing. (*Id.*) The ALJ issued a written decision on February 24, 2015, finding that plaintiff had not been disabled at any time between the alleged onset date and the date of the decision. (*Id.* at 18–44.) Plaintiff appealed, and the Appeals Council denied review on May 23, 2016. (*Id.* at 1–5.) Accordingly, the ALJ's decision became

the final decision of the Commissioner ("defendant").  Having exhausted all administrative remedies, plaintiff filed a complaint for judicial review on July 18, 2016.  (ECF No. 1.)

## II.    STANDARD OF REVIEW

The initial burden of proof to establish disability in a claim for SSDI benefits rests upon the claimant.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To satisfy this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . .."  42 U.S.C. § 423(d)(1)(A).

This court has jurisdiction to review an ALJ's decision to deny a claim for benefits after the claimant has exhausted all administrative remedies.  *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161–62 (9th Cir. 2012).  The court must affirm the ALJ's decision unless it rests on legal error or is unsupported by substantial evidence in the administrative record.  *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").  The substantial evidence standard is not onerous.  It is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal quotation omitted).

Although the ALJ need not discuss every piece of evidence in the record, she cannot ignore or omit evidence that is significant or probative.  *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012).  The ALJ's discussion must adequately explain the decision in light of such evidence. "The ALJ, not the district court, is required to provide specific reasons for rejecting [the evidence.]" *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (specifically discussing rejection of lay testimony).  The district court's review is thus constrained to the reasons asserted by the ALJ.  *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision; it "may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec.*

*Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal quotation omitted).  Where "the evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (internal quotation omitted).  The ALJ alone is responsible for determining credibility and resolving ambiguities.  *Garrison*, 759 F.3d at 1010.

## III.    DISCUSSION

**A.    SSDI claims are evaluated under a five-step sequential process.**

The Commissioner follows a five-step sequential process for determining whether a claimant is "disabled" for the purposes of SSDI.  20 C.F.R. § 404.1520(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).  Step one directs the ALJ to determine whether the claimant is engaged in "substantial gainful activity."  20 C.F.R. § 404.1520(a)(4)(i).  If so, the claimant is not disabled and the Commissioner denies the claim.  *Id.* § 404.1520(b).

The second step requires the ALJ to determine whether the claimant's medically determinable impairment is "severe."  *Id.* § 404.1520(a)(4)(ii).  "Severe" impairments are those that significantly limit the claimant's physical or mental ability to do basic work activities.  *Id.* § 404.1520(c).  The Commissioner will deny the claim if the claimant lacks a severe impairment or combination of impairments.  *Id.*

At step three, the claimant's impairment is compared to those listed in the Social Security Regulations at 20 C.F.R. Pt. 404, Subpart P, Appendix 1.  *Id.* § 404.1520(a)(4)(iii).  The list in Appendix 1 "define[s] impairments that would prevent an adult, regardless of his [or her] age, education, or work experience, from performing *any* gainful activity, not just substantial gainful activity."  *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (internal quotation omitted) (emphasis in original).  Where the claimant's impairment is on the list, or is equivalent to a listed impairment, and the claimant also meets the corresponding durational requirement, the claimant is deemed disabled.  20 C.F.R. § 404.1520(d).  However, for an impairment to match a listing, "it must meet *all* of the specified medical criteria.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify."  *Zebley*, 493 U.S. at 530 (emphasis in original).

If the Commissioner does not find disability at step three, review of the claim proceeds to step four.  There, the ALJ considers whether the claimant can perform past relevant work despite

3

the severe impairment.  20 C.F.R. § 404.1520(a)(4)(iv).  If so, the claimant is not disabled.  *Id*. § 404.1520(e).  The ALJ will find that the claimant can return to past relevant work if he or she can perform the "actual functional demands and job duties of a particular past relevant job" or the "functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy."  *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation omitted).

In making the step four determination, the ALJ considers the claimant's RFC and the physical and mental demands of the work previously performed.  20 C.F.R. § 404.1520(f); *see also Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010).  The RFC is the most the claimant can do despite his or her limitations.  20 C.F.R. § 404.1545(a)(1).  To determine the claimant's RFC, the ALJ must assess all the evidence, including medical reports and descriptions by the claimant and others of the claimant's relevant limitations.  *See id*. § 404.1545(a)(3).  The ALJ is not, however, required to accept as true every allegation the claimant offers regarding his or her limitations.  *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007).  The ALJ must follow a two-prong inquiry where the claimant alleges subjective pain or symptoms.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007); *see also* SSR 96-7p, 61 Fed. Reg. 34483 (July 2, 1996).  First, the ALJ determines "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter*, 504 F.3d at 1036 (internal quotation omitted).  Second, if the first prong is met and no evidence suggests that the claimant is a malingerer, the ALJ may reject the claimant's allegations only by articulating "clear and convincing" reasons for doing so.  *Id*.

The "clear and convincing" standard is the most demanding standard in Social Security case law, *Garrison*, 759 F.3d at 1015, and it requires the ALJ to "specifically identify the testimony she or he finds not to be credible and [to] explain what evidence undermines the testimony," *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).  The ALJ must therefore cite to the record and discuss specific evidence therein.  *See Vasquez v. Astrue*, 572 F.3d 586, 591–92, 592 n.1 (9th Cir. 2008); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  The ALJ may consider a variety of factors in weighing a claimant's credibility, including inconsistencies in

a claimant's testimony, his or her reputation for truthfulness, an inadequately explained failure to seek treatment, or a lack of support from the medical evidence. 20 C.F.R. § 404.1529(c); *Orn*, 495 F.3d at 636. The focus, however, is ultimately upon the reviewing court. The credibility determination must be "'sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony.'" *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (quoting *Rollins v. Massanari*, 261 F.3d 853, 856–57 (9th Cir. 2001)).

If step four demonstrates that the claimant cannot do the work he or she did in the past, the burden shifts to the Commissioner to establish, in step five, that the claimant can perform jobs available in the national economy. 20 C.F.R. § 404.1560(c). There, the ALJ must consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work. *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007). The ALJ will typically reference "the grids," under which a finding of disability may be directed, and also consider the testimony of a VE. *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). Where the grids do not direct a finding of disability, the ALJ must identify other jobs that the claimant can perform and which are available in significant numbers in the claimant's region or in several regions of the United States. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1560(c). If the ALJ establishes that the claimant's RFC and transferable skills allow him or her to perform other occupations, the claimant is not disabled. 20 C.F.R. § 404.1566. Conversely, if the ALJ concludes that the claimant cannot adjust to any other work, he or she is disabled and entitled to benefits. *Id*. § 404.1520(g).

**B.    The ALJ followed the five-step process and concluded that plaintiff was not disabled.**

In reviewing plaintiff's claims for benefits, the ALJ followed the five-step process described above. The ALJ first determined that plaintiff had not engaged in substantial gainful activity from the date of alleged onset, January 1, 2009, through her date last insured, December 31, 2013. (AR 23.) At step two, the ALJ found that plaintiff's hammertoes and degenerative joint disease of the right foot, status post bunionectomy, arthroplasty, fusion surgeries, and bipolar disorder were severe impairments that significantly limited her ability to perform basic-

1    work related functions.  (*Id.*)  At step three, the ALJ concluded that plaintiff did not have an

2    impairment or combination of impairments that met or medically equaled the severity of any

3    listed impairment.  (*Id.* at 23–25.)

4         The ALJ proceeded to step four and made several findings.  To begin, the ALJ concluded

5    that plaintiff had the RFC to perform light work with some limitations.  (*Id.* at 25.)  For example,

6    that she must avoid jobs that require repetitive climbing and must avoid working at unprotected

7    heights or with dangerous machinery.  (*Id.*)  The ALJ also found that she is limited to performing

8    simple, routine work, and she may have brief and superficial contact with the general public,

9    supervisors, and coworkers.  (*Id.*)  Next, the ALJ found that plaintiff's impairments could be

10   expected to cause the symptoms alleged, but that her statements regarding the intensity,

11   persistence, and limiting effects of those symptoms were not entirely credible.  (*Id.* at 31–37.)  In

12   reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence,

13   medical opinions, clinical findings, and a statement submitted by plaintiff's friend, Sam Searcy.

14   (*Id.*)  Finally, the ALJ determined that plaintiff's RFC prevented her from returning to any of her

15   past relevant work.  (*Id.* at 37.)

16        Proceeding to step five, and relying on the testimony of the VE, the ALJ determined that

17   plaintiff's age, education, work experience, and RFC would allow her to perform occupations

18   existing in significant numbers in the national economy, such as: call-out operator and charge

19   credit clerk.  (*Id.* at 38.)  Accordingly, the ALJ held that plaintiff was not disabled and denied her

20   SSDI claim.  (*Id.* at 39.)

21   **C.    Substantial evidence supports the ALJ's step five analysis.**

22        The sole basis for the present appeal concerns the ALJ's determination that plaintiff could

23   perform work that exists in significant numbers in the national economy.  (ECF No. 16 at 7–11.)

24   Plaintiff contends that if limited to performing only sedentary work, the medical vocational

25   guidelines ("Grids") support a finding of disability.  (*Id.* at 7.)  However, as defendant points out,

26   plaintiff misconstrues the ALJ's RFC findings, as the ALJ found plaintiff's RFC limited her to

27   *light* work, which includes sedentary work.  (AR 25, 38–39.)

28        While the ALJ found that plaintiff had the RFC to perform light work, she also found that

1    plaintiff's "ability to perform all or substantially all of the requirements of [light] level work was

2    impeded by additional limitations." (*Id.* at 38.) Accordingly, the ALJ asked the VE whether jobs

3    existed in the national economy for an individual with these additional limitations. (*Id.*) The VE

4    expert testified that plaintiff could perform jobs such as call-out operator (sedentary, unskilled)

5    and charge credit clerk (sedentary, unskilled). (*Id.*) The ALJ notes in her decision that the VE

6    testified that other jobs at both the sedentary and light levels exist that plaintiff could perform.

7    The VE testified that plaintiff could perform jobs such as office helper (light, unskilled) and

8    bench assembler of electronics (light, unskilled). (*Id.* at 75.) Based on the testimony of the VE

9    and considering plaintiff's age, education, work experience, and RFC, the ALJ found that plaintiff

10   was "not disabled." (*Id.* at 39.)

11       At step five, the burden shifts to the Commissioner to establish that the claimant can

12   perform jobs available in the national economy. 20 C.F.R. § 404.1560(c). The ALJ must

13   consider the claimant's RFC, age, education, and past work experience to determine whether the

14   claimant can do other work. *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); *Hoopai v. Astrue*, 499

15   F.3d 1071, 1075 (9th Cir. 2007). This burden can be satisfied through either testimony of a VE or

16   by reference to the Grids. *Lockwood v. Comm'r Soc. Sec.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

17   Although the ALJ does not specifically reference in her decision the two light exertional level

18   occupations that the VE testified about, she did not need to do so. *See Magallanes v. Bowen*, 881

19   F.2d 747, 755 (9th Cir. 1989) (court may draw specific and legitimate inferences from ALJ's

20   decision). The ALJ properly relied on the testimony of the VE to determine that *light* and

21   sedentary level jobs exist in the national economy that an individual with plaintiff's age,

22   education, work experience, and RFC could perform. *See e.g., Thomas v. Barnhart*, 278 F.3d

23   947, 960 (9th Cir. 2002) (VE's testimony constitutes substantial evidence). Therefore, contrary to

24   plaintiff's assertion, the ALJ's finding that both *light* and sedentary jobs existed in the national

25   economy constitutes substantial evidence supporting the nondisability finding.

26                               **IV.    CONCLUSION**

27       The ALJ did not err in her step five analysis, as her finding that plaintiff remained able to

28   perform other work in the national economy was supported by substantial evidence in the record.

Accordingly, the court recommends that plaintiff's motion for remand (ECF No. 15) be denied and that defendant's cross-motion to affirm (ECF No. 18) be granted.

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Local Rule IB 3-2, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.      RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for remand or reversal (ECF No. 15) be **DENIED** and defendant's cross-motion to affirm (ECF No. 18) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: March 29, 2017.

_____
**UNITED STATES MAGISTRATE JUDGE**